IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK and AMICA CENTER FOR IMMIGRANT RIGHTS,

*Plaintiffs*,

v.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW and the UNITED STATES DEPARTMENT OF JUSTICE, JUSTICE MANAGEMENT DIVISION,

*Defendants*.

**Case No. 26-2170**

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Plaintiffs Rocky Mountain Immigrant Advocacy Network ("RMIAN") and Amica Center for Immigrant Rights ("Amica Center") (together "Plaintiffs"), submitted two Freedom of Information Act ("FOIA") requests (the "Requests") to Defendants, Executive Office for Immigration Review ("EOIR") and the United States Department of Justice, Justice Management Division ("JMD") in December 2025 seeking records relating to Defendants' unlawful efforts to terminate the National Qualified Representative Program ("NQRP") earlier in 2025. Defendants have failed to make a determination on the Requests, have actually or constructively denied Plaintiffs' request for expedited processing and a fee waiver, and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiffs now file this action for declaratory, injunctive, and other appropriate relief under the FOIA, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff RMIAN has its principal place of business in this district.

**PARTIES**

4. Plaintiff RMIAN is a 501(c)(3) non-profit organization based in Westminster, Colorado. RMIAN provides legal services, including direct representation and pro se assistance, to detained and non-detained noncitizens in removal proceedings. RMIAN receives appointments via the NQRP to represent noncitizens who are detained in Colorado and provides them with legal services and social work support.

5. Plaintiff Amica Center is a 501(c)(3) non-profit, non-partisan organization, with its principal place of business in Washington, D.C. Amica Center provides legal services, including direct representation and pro se assistance, to detained and non-detained noncitizens in removal proceedings. Amica Center receives appointments via the NQRP to represent noncitizens who are detained in Virginia.

6. Defendant EOIR is a component agency of the United States Department of Justice ("DOJ") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among its duties, under delegated authority from the Attorney General, EOIR conducts immigration court proceedings, appellate reviews, and administrative hearings. Upon information and belief, EOIR has responsive records in its possession, custody, and control. EOIR is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

7. Defendant JMD is a component agency of DOJ and an agency of the United States under 5 U.S.C. § 552(f)(1). Among its duties, JMD serves as the management arm of DOJ, advising

the Attorney General and Deputy Attorney General on various issues related to the operation of DOJ. Upon information and belief, JMD has responsive records in its possession, custody, and control. JMD is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

### A. Background on NQRP and Attempted Termination in 2025

8. In April 2013, DOJ, through Defendant EOIR, collaborated with the Department of Homeland Security "to initiate a new Nationwide Policy to provide enhanced procedural protections . . . to certain unrepresented and detained respondents with serious mental disorders or conditions that may render them incompetent to represent themselves in immigration proceedings." DOJ, EOIR, National Qualified Representative Program, https://perma.cc/Z9MR-BH7C. As part of these "enhanced procedural protections," Defendant EOIR created "a nationwide program to provide Qualified Representatives (QRs) to certain unrepresented and detained respondents who are found by an Immigration Judge or the BIA [Board of Immigration Appeals] to be mentally incompetent to represent themselves in immigration proceedings." *Id.*

9. The NQRP is critical to the rights of noncitizens deemed mentally incompetent because it makes it possible for immigration judges to appoint counsel, like Plaintiffs, to represent them. Absent the NQRP, there is no mechanism for immigration judges to make these appointments, and Plaintiffs—nonprofit legal service providers who have spent years developing their expertise in representing this population—would be unable to provide this representation.

10. On April 25, 2025, Defendant EOIR announced, in an Amendment and Statement of Work provided to the Acacia Center for Justice (the NQRP prime contractor that subcontracts

with providers like Plaintiffs), that EOIR would no longer administer the NQRP and were terminating the associated contract for the government's convenience. In records obtained via separate litigation, EOIR admitted that their decision immediately "*end[ed] representation* funded by EOIR on these cases," including as to current cases where a Qualified Representative was already assigned and amid active representation. *See* ECF No. 65-2, Admin. Rec. 15–16, 26, *Amica Center for Immigrant Rights v. U.S. Dep't of Justice*, No. 1:25-cv-00298-RDM (D.D.C.). Defendant JMD was involved in the termination of the NQRP insofar as it manages the contract that provides federal funding to NQRP providers.

11. This decision left NQRP providers like Plaintiffs facing an impossible ethical choice. They could seek to withdraw from their representation and wait to see if immigration judges permit them to do so, or they could continue to provide representation without being paid for their services. The first option – withdrawal – would be contrary to Plaintiffs' missions to provide legal counsel for as many noncitizens as possible in their respective regions, and in any case, an immigration judge might not permit Plaintiffs to withdraw where it would have a materially adverse impact on the client. The second option – continuing representation in these highly resource-intensive cases without federal funding – would bleed Plaintiffs dry.

12. In response to Defendants' termination of the NQRP, on May 5, 2025, nine nonprofit NQRP providers from across the country, including Plaintiffs herein, sued Defendant EOIR and other responsible agencies in the U.S. District Court for the District of Columbia ("D.D.C."), alleging that the termination violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.* in multiple ways.

13. On July 21, 2025, the Honorable District Court Judge Amir H. Ali of the D.D.C. granted Plaintiffs' motion for a preliminary injunction, found Defendant EOIR's termination of

the NQRP to be arbitrary and capricious, and enjoined Defendant EOIR and other defendant agencies from "taking any action to terminate or pause" the NQRP. *See* ECF No. 32, Memorandum Opinion and Order, p. 26, *American Gateways v. U.S. Dep't of Justice*, No. 1:25-cv-001370-AHA (D.D.C.).

14. Shortly thereafter, Defendant EOIR executed a new one-year contract with Acacia Center for Justice to provide NQRP services via subcontracting with Plaintiffs and other legal services providers.

15. Defendants did not appeal from this order and instead agreed with Plaintiffs to request a stay of the case and a remand back to Defendant EOIR for further consideration, which the Court granted while maintaining jurisdiction during the pendency of the stay. ECF No. 41, Order, *American Gateways v. U.S. Dep't of Justice*, No. 1:25-cv-001370-AHA (D.D.C.).

16. Since then, the NQRP appears to be operating largely similarly to before the unlawful termination attempt in April 2025. However, EOIR, through DOJ EOIR, recently informed the prime contractor for NQRP, Acacia Center for Justice, that it plans to terminate the current NQRP contract on August 31, 2026. On May 1, 2026, JMD issued a Request for Information regarding NQRP.[1] Upon information and belief, this is Defendants' first step in the process of re-bidding the contract for NQRP services.

17. In the *American Gateways* litigation, the defendants did not provide an administrative record, nor did the parties engage in discovery. Thus, other than a limited set of records obtained via separate litigation, Plaintiffs and the broader public are unaware of the events and decisions that led Defendants to terminate the NQRP, along with Defendants' actions in

[1] *Available at* https://sam.gov/workspace/contract/opp/afe668ee2a3b41828eb63eac45df3bef/view.

response to the *American Gateways* litigation and following the implementation of a new NQRP contract.

**B. FOIA Request to EOIR**

18. On December 5, 2025, Plaintiffs filed a FOIA request ("EOIR Request") with EOIR for records relating to the termination of NQRP and the fall-out from that decision. Plaintiffs submitted the Request via EOIR's online electronic FOIA submission portal. The Request complied with EOIR's FOIA requirements and requested both expedited processing and a waiver of fees associated with search and production of responsive records. *See* Exhibit A, FOIA Request.

19. In an email dated December 8, 2025, EOIR confirmed receipt of Plaintiffs' Request and assigned it control number 2026-12799. *See* Exhibit B, EOIR Receipt.

20. In the December 8, 2025 receipt, EOIR also invoked "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), extending EOIR's time to respond to the request by ten days, stating that Plaintiffs' Request "requires the collection of records from field offices, or involves a search, collection, and review of voluminous records, or requires consultation with another agency or two or more agency components." *See id.*

21. In its invocation of "unusual circumstances," EOIR failed to include a date "on which a determination is expected to be dispatched," as required under 5 U.S.C. § 552(a)(6)(B)(i). *See id*.

22. EOIR's December 8, 2025 receipt also stated that, "As a matter of default, your request has been placed in track two for simple requests. If you have requested expedited processing, EOIR will contact you in a separate letter." *See id.*

23. On December 18, 2025, at 3:00 p.m. Eastern Time, EOIR sent an email to Plaintiffs denying Plaintiffs' requested fee waiver. EOIR provided no reasoning for this decision, stating

only that "Upon review of your request, it has been determined that your request did not meet the threshold" and referencing the regulations at 28 C.F.R. § 16.10(k)(1)-(k)(2)(i)-(iii). Exhibit C.

24. Five minutes later, at 3:05 p.m. Eastern Time, EOIR sent another email to Plaintiffs stating that "Upon review of our records, it has been determined that you filed a previous FOIA request in which our office responded by sending you a letter indicating that your request was being processed under control number 2025-61588. Therefore, this FOIA request is being closed as a duplicate request." Exhibit D.

25. This was the first that Plaintiffs had heard of a FOIA request with control number 2025-61588.[2] Upon information and belief, Plaintiffs' request is not duplicative of a FOIA request with control number 2025-61588, at least insofar as Plaintiffs did not submit the latter request and as the records Plaintiffs seek are substantially different from the records sought in the latter request.

26. Plaintiffs immediately responded to EOIR via email at 4:05 pm Eastern Time on the same day to attempt to correct the agency's apparent mistake. Exhibit F. EOIR never responded to that email.

27. On March 17, 2026, Plaintiffs filed an administrative appeal challenging EOIR's decision to close their FOIA Request and deny their fee waiver request. Exhibit G.

28. EOIR acknowledged receipt of Plaintiffs' administrative appeal on March 18, 2026, and assigned it tracking number A-2026-00938. Exhibit H.

29. As of the date of this complaint, EOIR has failed to adjudicate Plaintiffs' administrative appeal or otherwise respond to Plaintiffs' Request.

[2] Plaintiffs had mistakenly submitted a non-final version of their FOIA request to EOIR and JMD a few days earlier, on December 3, 2025. However, EOIR assigned that request control number 2026-11539 and Plaintiffs took immediate corrective action to withdraw that request, which EOIR confirmed by email dated December 5, 2025. Exhibit E. JMD's receipt acknowledges the correct filing date of December 5, 2025. Exhibit I.

30. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

31. In the case of "an adverse determination," a requestor may file an administrative appeal with the agency within 90 days from the date of the adverse determination. 5 U.S.C. § 552(a)(6)(A)(i)(III)-(III)(aa). The agency has twenty business days to make a determination on the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

32. The deadline for EOIR to make a determination on Plaintiffs' administrative appeal was April 15, 2026.

33. EOIR has failed to produce any agency records to Plaintiffs and the statutory period for the agency to make a determination on Plaintiffs' administrative appeal has expired. EOIR similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**C. FOIA Request to JMD**

34. On December 5, 2025, Plaintiffs filed an identical FOIA request to JMD ("JMD Request") for records relating to the termination of NQRP and the fall-out from that decision. Plaintiffs submitted the Request to JMD via email. The Request complied with JMD's FOIA requirements and requested both expedited processing and a waiver of fees associated with search and production of responsive records. *See* Exhibit A, FOIA Request.

35. On December 8, 2025, JMD acknowledged the request via email and assigned it JMD FOIA Tracking Number 138424. Exhibit I. The receipt stated that "Your request for expedited processing is currently under review." The receipt also stated that "Simple requests usually receive a response in approximately one month whereas complex requests necessarily take longer[,]" and that "your request has been assigned to the Complex track." *Id.*

36. JMD did not provide a basis for its "Complex track" assignment. Similarly, JMD did not explicitly invoke the "unusual circumstances" exception to the 20-working-day response deadline under the FOIA.

37. As of the date of this complaint, JMD has failed to fully respond to Plaintiffs' Request.

38. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

39. Twenty business days from the date of Plaintiffs' Request to JMD was January 9, 2026. Thus, the statutory time period for JMD to respond has elapsed.

40. Under FOIA, a person making a request has exhausted their administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

41. JMD failed to produce any agency records to Plaintiffs and the statutory period for the agency response has expired. JMD similarly failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

## COUNT ONE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552
### EOIR's Failure to Respond Within the Time Required

42. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

43. Under the FOIA, Defendants were required to respond to Plaintiffs' Requests and to notify Plaintiffs of their determination within thirty working days after receiving the Requests. 5 U.S.C. § 552(a)(6)(A), (6)(B).

44. As of the date of this filing, Defendants have not provided any records responsive to Plaintiffs' December 5, 2025 FOIA requests.

45. Defendant EOIR's failure to make a determination on Plaintiffs' administrative appeal within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

46. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

**COUNT TWO**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**JMD's Failure to Respond Within the Time Required**

47. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

48. Under the FOIA, Defendants were required to respond to Plaintiffs' Requests and to notify Plaintiffs of their determination within thirty working days after receiving the Requests. 5 U.S.C. § 552(a)(6)(A), (6)(B).

49. As of the date of this filing, Defendants have not provided any records responsive to Plaintiffs' December 5, 2025 FOIA requests.

50. Defendant JMD's failure to make the requisite determination, to communicate it to the Plaintiffs, and to produce responsive records within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

51. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

**COUNT THREE**

**Violation of Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search**

52. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

53. Defendants have failed to make a reasonable effort to search for records responsive to Plaintiffs' Requests. 5 U.S.C. § 552(a)(3)(C).

54. Defendants' failure to conduct a reasonable search for responsive records violates their obligation under the FOIA. *Id.*

**COUNT FOUR**

**Violation of Freedom of Information Act 5 U.S.C. § 552**
**Wrongful Withholding of Records**

55. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

56. Defendants are wrongly withholding agency records by failing to produce nonexempt records responsive to Plaintiffs' Requests and by failing to segregate and produce nonexempt records responsive to Plaintiffs' Requests.

57. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiffs' Requests.

58. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

59. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

**COUNT FIVE**

**Violation of Freedom of Information Act 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

60. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

61. Plaintiffs are entitled to expedited processing because Plaintiffs' requests for expedited processing demonstrated an urgency to inform the public about an actual government activity and Plaintiffs are engaged in disseminating information. 5 U.S.C. § 552(a)(6)(E)(i)(I), (iii); *see also* 28 C.F.R. § 16.10(e)(1).

62. Defendant EOIR constructively and erroneously denied Plaintiffs' expedited processing request when it erroneously closed out Plaintiffs' Request as a duplicate of another FOIA request, in violation of 5 U.S.C. § 552(a)(6)(E)(i)(I), (iii).

63. Defendant JMD has failed to make a determination on Plaintiffs' expedited process request, in violation of 5 U.S.C. § 552(a)(6)(E)(i)(I), (iii).

## COUNT SIX

**Violation of Freedom of Information Act 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver Request**

64. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

65. Plaintiffs are entitled to a waiver of fees applicable to the processing of their requests because disclosure of the information is in the public interest, as it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.10(k).

66. Defendant EOIR violated 5 U.S.C. § 552(a)(4)(A)(iii) when it denied Plaintiffs' fee waiver request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor against Defendants, and that the Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;
2. Declare that Defendants' failure to respond to Plaintiffs' Requests within the statutory time limit, their failure to search for records responsive to Plaintiffs' Requests, and their failure to disclose such responsive records violate FOIA;
3. Order Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of EOIR and JMD to conduct a prompt, reasonable search for records responsive to Plaintiffs' Requests;
4. Enjoin Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of EOIR and JMD from withholding records responsive to Plaintiffs' Requests and order them to promptly produce the same;
5. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 5 U.S.C.§ 552(a)(4)(E) and 28 U.S.C. § 2412; and
6. Grant all other such relief to Plaintiffs as the Court deems just and proper.

Date: May 19, 2026

Respectfully submitted,

_/s/ Laura Lunn_
Laura Lunn
OR Bar No. 141480
Rocky Mountain Immigrant Advocacy Network
7301 Federal Blvd., Ste. 300

Westminster, CO 80030
Ph: (720) 370-9100
llunn@rmian.org

/s/ *F. Evan Benz*
F. Evan Benz
NC Bar No. 49077
Amica Center for Immigrant Rights
1025 Connecticut Ave NW Ste. 701
Washington, DC 20036
Phone: (202) 869-3984
evan@amicacenter.org
*Pro Bono Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on this date, I filed this Complaint Under The Freedom Of Information Act For Declaratory And Injunctive Relief and all attachments using the CM/ECF system, which will send a notice of electronic filing (NEM) to all counsel of record. I will furthermore send true copies by USPS Certified Priority Mail with electronic return receipt to the following individuals:

United States Department of Justice
Executive Office for Immigration Review
Office of the General Counsel
5107 Leesburg Pike, Suite 2600
Falls Church, VA 22041

Todd Blanche, Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
c/o Civil Process Clerk
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202

Dated: May 19, 2026

Respectfully submitted,

*/s/ Laura Lunn*